■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES NOEZILE, Appellant. [724 NYS2d 620] —Appeal by the defendant from a judgment of the County Court, Dutchess County (Dolan, J.), rendered November 5, 1999, convicting him of murder in the second degree, attempted robbery in the first degree (five counts), attempted robbery in the second degree (three counts), assault in the first degree, assault in the second degree (two counts), and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing an indeterminate term of 25 years to life imprisonment on the conviction of murder in the second degree under count one of the indictment; a determinate term of 25 years imprisonment on the conviction of assault in the first degree under count eleven of the indictment to run concurrently with a determinate term of 15 years imprisonment on the conviction of attempted robbery in the first degree under count 7 of the indictment and consecutively to the sentence imposed on count one of the indictment; a determinate term of 7 years imprisonment on the conviction of attempted robbery in the second degree under count nine of the indictment to run concurrently with a determinate term of 7 years imprisonment on the conviction of assault in the second degree under count twelve of the indictment and consecutively to the sentences imposed on counts one, seven, and eleven of the indictment; a determinate term of 7 years imprisonment on the conviction of attempted robbery in the second degree under count ten of the indictment to run concurrently with a determinate term of 7 years imprisonment on the conviction of assault in the second degree under count thirteen of the indictment and consecutively to the sentences imposed on counts

one, seven, eleven, nine, and twelve of the indictment; a determinate term of 7 years imprisonment on the conviction of attempted robbery in the second degree under count eight of the indictment, and determinate terms of 15 years imprisonment on the convictions of attempted robbery in the first degree under counts two, three, four, and five of the indictment and on the conviction of criminal possession of a weapon in the second degree under count fourteen of the indictment, to run concurrently with each other and with all other sentences.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by providing that all of the terms of imprisonment imposed shall run concurrently with each other; as so modified, the judgment is affirmed.

Upon the exercise of our factual review power, we are satisfied that the verdict of guilt with respect to the crimes of murder in the second degree, assault in the first degree, and assault in the second degree was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The trial court's charge on felony murder conveyed the appropriate standard to the jury (*see, People v Gladman,* 41 NY2d 123, 129; Penal Law § 125.25 [3]).

In the exercise of our discretion in the interest of justice, we modify the sentences imposed to direct that all the terms of imprisonment run concurrently with each other. O'Brien, J. P., Ritter, McGinity and H. Miller, JJ., concur.