■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DURKHEIM NOEZILE, Appellant. [764 NYS2d 881] —Appeal by the defendant from a judgment of the County Court, Dutchess County (Dolan, J.), rendered December 21, 1999, convicting him of murder in the second degree, attempted robbery in the first degree (five counts), attempted robbery in the second degree (three counts), assault in the first degree, assault in the second degree (two counts), and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing an indeterminate term of 25 years to life imprisonment on the conviction of murder in the second degree under count one of the indictment; a determinate term of 10 years imprisonment on the conviction of assault in the first degree under count eleven of the indictment, to run concurrently with a determinate term of 15 years imprisonment on the conviction of attempted robbery in the first degree under count seven of the indictment, and consecutively to the sentence imposed on count one of the indictment; a determinate term of 7 years imprisonment on the conviction of attempted robbery in the second degree under count nine of the indictment, to run concurrently with a determinate term of 7 years imprisonment on the conviction of assault in the second degree under count twelve of the indictment, and consecutively to the sentences imposed on counts one, seven, and eleven of the indictment; a determinate term of 7 years imprisonment on the conviction of attempted robbery in the second degree under count ten of the indictment, to run concurrently with a determinate term of 7 years imprisonment on the conviction of assault in the second

degree under count thirteen of the indictment, and consecutively to the sentences imposed on counts one, seven, nine, eleven, and twelve of the indictment; a determinate term of 7 years imprisonment on the conviction of attempted robbery in the second degree under count eight of the indictment, and determinate terms of 15 years imprisonment on the convictions of attempted robbery in the first degree under counts two, three, four, and five of the indictment and on the conviction of criminal possession of a weapon in the second degree under count sixteen of the indictment, to run concurrently with each other and with all other sentences.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by providing that all of the terms of imprisonment imposed shall run concurrently with each other; as so modified, the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to establish his guilt is unpreserved for appellate review (*see* CPL 470.05 [2]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt.

In the exercise of our discretion in the interest of justice, we modify the sentences imposed to direct that all the terms of imprisonment run concurrently with each other (*see People v Noezile,* 282 AD2d 762 [2001]).

The defendant's remaining contentions are without merit. Ritter, J.P., Goldstein, McGinity and Crane, JJ., concur.